**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| KELLEY TAYLOR, APRIL USERY, and TAYLOR WALLACE | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:21-cv-152 |
| CLAMORE IX, LLC | ) ) ) | |
| Defendant. | ) | |

**JOINT MEMORANDUM IN SUPPORT OF JOINT PETITION**
**FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS**

The above-named parties submit this Memorandum in support of their Joint Petition for Order Approving Resolution of FLSA Claims.

**I. Introduction**

In this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et. seq.* ("FLSA"), Plaintiffs Kelley Taylor, April Usery, and Taylor Wallace (collectively "Plaintiffs") and Defendant Clamore IX, LLC ("Defendant") (collectively "Petitioners") jointly request that the Court enter an order approving the Settlement Agreement reached between the parties to release and resolve all FLSA claims at issue in this matter. A true and correct copy of the Settlement Agreement executed by the parties is attached hereto as **Exhibit A.** As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed resolution to the district court. *Id*. at 1353.

## II. Background Information

Defendant owns and operates an IHOP restaurant in Fort Oglethorpe, Georgia. Ms. Taylor was employed by Defendant at the IHOP restaurant from on or about January 13, 2019 until on or about July 2, 2020. Ms. Usery was employed by Defendant at the IHOP restaurant for three different periods of time: from on or about January 29, 2018 until on or about November 24, 2018, from on or about August 16, 2019 until on or about September 12, 2019, and from on or about November 15, 2019 until on or about January 5, 2020. Ms. Wallace was employed by Defendant at the IHOP restaurant from on or about January 4, 2019 until on or about June 7, 2020.

On November 16, 2020, Plaintiffs' counsel sent a demand letter to Defendant's President, alleging that Defendant failed to fully compensate Plaintiffs for all hours worked. Specifically, Plaintiffs alleged that Defendant violated the FLSA by not paying Plaintiffs for all hours worked, forcing Plaintiffs to claim tips in excess of the actual tips received, and paying Plaintiffs at a sub-minimum wage for work performed.

Defendant contends that Plaintiffs were paid for all hours worked in accord with the FLSA and any other federal, state, or local laws. First, Defendant contends that the statute of limitations for Plaintiffs' claims is two (2) years, as there are no facts to show any willful violation that would impose a three (3) year statute of limitations. So, to the extent Plaintiffs raise claims for unpaid wages outside the two-year limitation period, such claims would be time-barred.

Second, Defendant has a written policy that specifically prohibits off-the-clock work and instructs employees how to report wage and hour problems. The policy states:

> It is Company policy and practice to accurately compensate employees and to do so in compliance with all applicable state and federal laws. To ensure that you are paid properly for all time worked and that no improper deductions are made, you must record correctly all work time and review your paystub promptly to identify and to report all errors. You also must not engage in off-the-clock or unrecorded work.

2

> It is a violation of IHOP's policy for any employee to falsify time records, or to alter another employee's time records. It is also a serious violation of IHOP's policy for any employee or manager to instruct another employee to incorrectly or falsely report hours worked or alter another employee's time card to under- or over-report hours worked. If any manager or employee instructs you to (1) incorrectly or falsely under- or over-report your hours worked, (2) alter another employee's time records to inaccurately or falsely report that employee's hours worked, or (3) conceal any falsification of time records or to violate this policy, do not do so. Instead, report it immediately to the Office Manager, currently Betty Gabbard at (866) 216-3694.
>
> IHOP makes every effort to ensure its employees are paid correctly. Occasionally, however, inadvertent mistakes can happen. When mistakes do happen and are called to the IHOP's attention, it will promptly make any correction that is necessary. It is the responsibility of the employee to verify that the hours recorded in the computer system are a true and correct representation of the hours actually worked by the employee. If you feel that the hours recorded in the computer system are different than the hours you actually worked, it is your responsibility bring this to the immediate attention of the Store Manager or the Office Manager, Betty Gabberd.
>
> In addition, IHOP will not allow any form of retaliation against individuals who report alleged violations of this policy or who cooperate in the IHOP's investigation of such reports. Retaliation is unacceptable. Any form of retaliation in violation of this policy will result in disciplinary action, up to and including discharge.

(**Exhibit B.**) When Plaintiffs were hired by Defendant, they each signed a document entitled Acknowledgement of Receipt and Understanding reflecting that they had received a copy of the Employee Handbook, which included the policy referenced above. (**Exhibit C.**) Specifically, this Acknowledgement states:

> I understand that I am not to engage in any "off-the-clock" work or to alter my own or any other employees' time records to reflect anything other than accurate time worked. I further understand that it is my responsibility to verify that the hours recorded are a true and correct representation of the hours I have actually worked. I understand that if I feel the hours recorded are different than the hours I actually worked, I must bring this to the immediate attention of the President, currently David Reller, or Betty Gabbard by calling (866) 216-3694, and that I may do so without fear of retaliation.

(**Exhibit D.**)

It is thus Defendant's position that if Plaintiffs worked off-the-clock, which Defendant specifically denies, then they did so without its knowledge; and, therefore, it is not liable for off-

3

the-clock work under the FLSA. *See White v. Baptist Memorial Healthcare Corp.*, 699 F.3d 869, 876 (6th Cir. 2012) (holding that "[u]nder the FLSA, if an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process."); *Pigford v. Flotel Inc.*, No. 117CV01652SCJRGV, 2018 WL 10741753, at *14 (N.D. Ga. Nov. 19, 2018), report and recommendation adopted, No. 1:17-CV-1652-SCJ, 2018 WL 10741755 (N.D. Ga. Dec. 10, 2018) (same); *Guillaume v. Select Med. Corp.*, No. 12-CV-80447, 2013 WL 12101134, at *4 (S.D. Fla. Nov. 4, 2013); *Macleroy v. City of Childersburg*, No. 1:18-CV-395-CLM, 2020 WL 1812298, at *4 (N.D. Ala. Apr. 9, 2020) ("So, if any inaccuracies exist in [the employer's] records, they result from [plaintiff's] failure to correctly report his time under [the employer's] clear, easy to follow process.").

Third, Defendant contends that Plaintiff's tip credit claim is without merit because it provided each Plaintiff with a "Notice to Team Members Who Receive Tips." (**Exhibit E.**) This notice satisfies the tip credit notice requirements of 29 CFR § 531.59(b) ("…an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit…" At the beginning of the Plaintiffs' respective employments, each of them acknowledged receipt of the Tip Credit Notice. (**Exhibit C**.)

Ultimately, the Petitioners engaged in negotiations and were able to reach a settlement which is now being presented to the Court for approval as required by the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1353.  All undersigned counsel represent that the negotiations were adversarial in nature and that the settlement represents a compromise on the part of all parties with respect to both the relief sought by Plaintiff and the defenses raised by Defendant.

**III. The Court Should Approve the Settlement Agreement.**

In this case, the Court should approve the terms of the Settlement Agreement because they were achieved in an adversarial context, experienced counsel represented the parties on both sides, and it reflects a fair and reasonable compromise over disputed issues.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355.  In *Lynn's Food Stores*, the district court established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

    1.    Was it achieved in an adversarial context?

    2.    Were the Plaintiffs represented by attorneys who can protect their rights?

    3.    Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id*. at 1353-54.

In this instance, the resolution reached by the parties was negotiated by experienced counsel who protected the rights of both parties. During the negotiations, Plaintiffs were represented by Matthew Handley of HANDLEY FARAH & ANDERSON in Washington, D.C.; Defendant was represented by Robert L. Bowman of KRAMER RAYSON LLP in Knoxville, Tennessee.[1] Copies of each counsel's online biography are attached as **Exhibit F.** The parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiffs were entitled to additional wages under the FLSA.  With the Court's approval, the parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiffs' claims under the FLSA, including attorney fees and costs.

---

[1] In this Petition, Defendant is represented by Timothy L. Mickel, a member of the Georgia bar.

5

**IV. Conclusion**

For the foregoing reasons, the parties request that the Court enter an Order approving the settlement agreement in this action and dismiss this action with prejudice based on the parties' agreement. A proposed Order is filed contemporaneously herewith.

Respectfully submitted this 9th day of August 2021.

| | |
|---|---|
| */s/Matthew K. Handley*<br>Matthew K. Handley, Esq.<br>(DC BPR No. 489946)<br>**HANDLEY FARAH & ANDERSON PLLC**<br>200 Massachusetts Ave. NW, 7th Floor<br>Washington, DC 20001<br>Telephone: (202) 559-2411<br>E-mail:mhandley@hfajustice.com<br>*Attorney for Plaintiffs* | */s/Timothy L. Mickel*<br>Timothy L. Mickel, Esq.<br>(Georgia Bar No. 750605)<br>**EVANS HARRISON & HACKETT PLLC**<br>One Central Plaza<br>835 Georgia Avenue, Suite 800<br>Chattanooga, TN 37402<br>Telephone: (423) 648-7890<br>E-mail: tmickel@ehhlaw.com<br>*Attorney for Defendant* |

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of August 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may gain access to this filing through the Court's electronic filing system.

      Matthew K. Handley, Esq.
**HANDLEY FARAH & ANDERSON PLLC**
200 Massachusetts Ave. NW, 7th Floor
Washington, DC 20001
E-mail: mhandley@hfajustice.com


      */s/Timothy L. Mickel*
      Timothy L. Mickel